1
2
3
4
5
6
7
8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TODD W. AVARA,

11           Petitioner,                    No. CIV S-04-1044 MCE DAD P

12       vs.

13   KATHY MENDOZA-POWERS, et al.,

14           Respondents.                   ORDER

15   _____/

16           Respondents have filed opposition to petitioner's supplemental points and

17   authorities and have moved to dismiss the amended petition on the ground that the points and

18   authorities have added unexhausted and time barred claims to the pleading.

19                              BACKGROUND

20           Petitioner, a state prisoner proceeding pro se, commenced this action with a

21   petition for writ of habeas corpus alleging two grounds for relief:  (1) he was not advised of his

22   right to withdraw his plea of nolo contendere at sentencing; and (2) his punishment exceeded

23   what was on the bargaining table.  (Pet. filed June 1, 2004, at (5).)  Respondents filed their

24   answer to the petition on September 10, 2004.  Petitioner subsequently requested leave to add

25   new claims.  The request was denied because the proposed new claims were unexhausted.

26   Petitioner then requested a stay pending exhaustion of additional claims.  The stay was granted

1    on May 6, 2005, and petitioner was ordered to present all unexhausted claims to the California

2    Supreme Court within thirty days.  Petitioner was required to file a motion to lift the stay, with a

3    proposed amended petition, within thirty days after he was served with the California Supreme

4    Court's order disposing of his state exhaustion petition.

5               On September 14, 2005, the stay was lifted, and petitioner's proposed amended

6    petition was filed.  The six-page amended petition alleges four grounds for relief:

> Ground one:  Petitioner contends he was subjected to a Sixth
> Amendment rights violation.
>
> Supporting FACTS:  Counsel failed to provide an avialable [sic]
> partial or complete defense.  Counsel failed to argue under a lesser
> related offense, and counsel failed to resolve the error that the D.A.
> claims Mr. Avara's prior prison term falls under P.C. 667.5.
> Petitioner respectfully requests that this court remand this case.
>
> Ground two:  Petitioner contend [sic] that he is actually innocent of
> the underlying charges.
>
> Supporting FACTS:  Petitioner claims that he is innocent of the
> charge, and only plead [sic] to the charge at the advice of his
> counsel, therefor [sic] wishes to withdraw his plea.  Furthermore,
> petitioner was promised no state prison under a plea agreement and
> under no circumstances would he have plead [sic] to the charge.
>
> Ground three:  Invalid/violated plea agreement.  A violation of
> petitioner's (6th, 8th) Amendment rights.
>
> Supporting FACTS:  Plea agreements are bound by contractual
> law, and cannot be changed without both parties consent.
> Petitioner contends that he reasonably believed that the grant of
> probation would materialize.
>
> Ground four:  Sentencing courts erred at sentencing and violated
> petitioner's 6th, 8th and 14th Amendment rights.
>
> Supporting FACTS:  Petitioner claims that the sentencing court
> deliberately, and vindictively sentenced petitioner to a sentence in
> excess of the law with no evidence or facts to support the dicision
> [sic].  Petitioner respectfully requests the court vacate and remand
> this case for resentencing.

25   (Am. Pet. at (5) & (6).)  No supporting documents are referenced in, attached to, or filed with the

26   amended petition.

On January 12, 2006, respondents filed their answer to the amended petition.  On February 6, 2006, petitioner filed a three-page traverse that includes the following paragraph:

> Petitioner incorporates by reference the Petition for Writ of Habeas Corpus, along with any supporting documents, including the Supporting Exhibits and Points and Authorities previously filed.  Further, petitioner incorporates by reference Petitioner's Points and Authorities in Support of Travers [sic], which is being submitted contemporaneously.

(Am. Pet. at 3.)  No points and authorities were submitted with the traverse.

In an order filed April 14, 2006, the undersigned noted petitioner's reference to exhibits and points and authorities, and advised petitioner that no supporting exhibits or points and authorities were filed in this action at any time.  (Order filed Apr. 14, 2006, at 1-2.) Petitioner was granted sixty days "to file and serve any points and authorities and/or supporting exhibits he wants the court to consider in ruling on the four grounds for relief presented in his amended petition for writ of habeas corpus."  (Id. at 2.)

On June 12, 2006, petitioner filed a document titled "Points and Authorities In Support of Amended Petition for Writ of Habeas Corpus."  In light of petitioner's characterization of the document as supplemental to his amended petition, the undersigned granted respondents an opportunity to file a supplemental answer.  (Order filed June 20, 2006.)

RESPONDENTS' OPPOSITION AND MOTION

Respondents assert that petitioner's points and authorities filed June 12, 2006, contain new, unexhausted claims that are time barred.

As to ground one, respondents argue that petitioner now claims he received ineffective assistance of counsel when his trial counsel failed to advise him of his right to withdraw his plea, failed to advise him that the sentencing court did not intend to honor the plea agreement, and failed to prepare for any possibility of trial or attempt to conduct any investigation whatsoever.  As to ground two, respondents argue that petitioner now claims that the district attorney only offered the promise of no state prison in order to ensure petitioner's

1  conviction and if there had been a possibility he could go to prison as a result of his plea,

2  petitioner would not have entered the plea.  As to ground three, respondents argue that petitioner

3  now claims he only entered a plea because his trial counsel told him his plea would not affect the

4  no-state-prison offer in his prior case.  As to ground four, respondents identify no new issues not

5  already addressed in respondents' answer to the amended petition.

6       Respondents note that this court granted petitioner leave to submit points and

7  authorities and/or exhibits but did not grant him leave to raise new, unexhausted, and time barred

8  claims.  Respondents argue that petitioner's filing, despite its title, seeks to add new claims to his

9  amended petition.  Respondents discuss exhaustion requirements, the rules governing

10  amendments to pleadings, the fact that this action was previously stayed and petitioner was

11  directed to exhaust all unexhausted claims at that time, the application of the statute of

12  limitations, and the futility of staying this action so that petitioner can attempt to exhaust

13  unexhausted claims and add them to this case.

14                                        ANALYSIS

15       A petition for a writ of habeas corpus filed in a United States district court under

16  28 U.S.C. § 2254 must "specify all the grounds for relief available to the petitioner" and "state

17  the facts supporting each ground."  Rule 2(c), Fed. R. Governing § 2254 Cases.  The petition

18  must substantially follow the form appended to the Federal Rules Governing Section 2254 Cases

19  or a form prescribed by a local district-court rule.  Rule 2(d), Fed. R. Governing § 2254 Cases.

20  Although a petitioner may support his petition with exhibits and a memorandum of points and

21  authorities, all grounds for relief must be specified and all supporting facts must be stated in the

22  form petition or a document that substantially follows an authorized form petition.

23       In this case, petitioner's grounds for relief and supporting facts are set forth in the

24  amended petition filed on an authorized form on September 14, 2005.  Petitioner has not been

25  granted leave to file a second amended petition, and he may not amend his amended petition by

26  alleging new claims in a memorandum of points and authorities.  A claim is new and therefore

4

1     unexhausted if it contains new factual allegations that "fundamentally alter the legal claim

2     already considered by the state courts." Vasquez v. Hillery, 474 U.S. 254, 260 (1986).  New

3     evidence will render a claim unexhausted if it "substantially improves the evidentiary basis" for

4     the claim it supports. Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988).  New factual

5     allegations that are merely cumulative of those previously presented to the state court do not

6     transform a claim and thus do not require exhaustion.  See Hillery v. Pulley, 533 F. Supp. 1189,

7     1200-02 (E.D. Cal. 1982), aff'd, 733 F.2d 644 (9th Cir. 1984), aff'd, 474 U.S. 254 (1986).

8     I. Petitioner's First Ground for Relief

9           In petitioner's amended petition, the first ground for relief is that petitioner's

10    Sixth Amendment rights were violated when his trial court counsel (1) failed to provide an

11    available partial or complete defense, (2) failed to argue a lesser related offense, and (3) failed to

12    "resolve the error that the D.A. claims Mr. Avara's prior prison term falls under P.C. 667.5."

13    (Am. Pet. at (5).)

14          In his recently filed points and authorities, petitioner argues that he was subjected

15    to a violation of his Sixth Amendment rights when counsel (1) failed to provide a partial or

16    complete defense or act as an active advocate in petitioner's best interests, (2) failed to advise

17    petitioner of his right to withdraw his plea at or before sentencing, (3) failed to advise petitioner

18    that the sentencing court did not intend to honor the plea agreement, and (4) failed to prepare for

19    any possibility of a trial or to attempt to conduct any investigation whatsoever.  Petitioner cites

20    several federal cases in support of this claim but does not discuss them.

21          The undersigned finds that the points and authorities assert new factual allegations

22    that fundamentally alter the legal claim alleged in petitioner's first ground for relief.

23    Specifically, the ground for relief as alleged in the amended petition does not encompass

24    counsel's failure to act as an active advocate in petitioner's best interests, failure to advise

25    petitioner of his right to withdraw his plea, failure to advise petitioner that the sentencing court

26    /////

1   did not intend to honor the plea agreement, or failure to prepare for trial or conduct any

2   investigation.

3   II.  Petitioner's Second Ground for Relief

4           In petitioner's amended petition, the second ground for relief is that petitioner is

5   actually innocent of the underlying charge, that he entered a plea of nolo contendere only at the

6   advice of counsel, and that he would not have entered that plea but for a promise of no state

7   prison.  (Am. Pet. at (5).)  In his recently filed points and authorities, petitioner reiterates these

8   elements of his claim but adds his belief that "the District Attorney only offered the promise of

9   no state prison to ensure the conviction."

10          The undersigned finds that the points and authorities assert a new factual

11  allegation that fundamentally alters the legal claim alleged in petitioner's second ground for

12  relief.  Specifically, the ground for relief as alleged in the amended petition does not encompass

13  any allegation of prosecutorial misconduct.

14  III.  Petitioner's Third Ground for Relief

15          In petitioner's amended petition, the third ground for relief is that the sentence

16  was invalid and imposed in breech of petitioner's plea agreement in violation of his Sixth and

17  Eighth Amendment rights because petitioner reasonably believed that probation would be

18  granted.  (Am. Pet. at (6).)  In his recently filed points and authorities, petitioner contends that he

19  only entered a plea of nolo contendere because his attorney told him it would not affect his plea

20  agreement in an earlier case in which he had been promised no state prison.

21          The undersigned finds that the points and authorities assert a new factual

22  allegation that fundamentally alters the legal claim alleged in petitioner's third ground for relief.

23  Specifically, the ground for relief as alleged in the amended petition does not encompass

24  allegations regarding defense counsel's role in leading petitioner to enter into the plea bargain.

25  /////

26  /////

IV.  <u>Conclusion</u>

        The arguments in petitioner's points and authorities assert a significant number of new factual allegations that exceed the scope of the grounds for relief alleged in the amended petition.  Petitioner has not been granted leave to file a second amended petition, and he will not be granted leave to file a second amended petition that includes unexhausted claims.  Petitioner has not requested that this action be held in abeyance while he exhausts additional claims, and it is unlikely that such a request would be granted in a case previously stayed for that very purpose.

        Petitioner's points and authorities will be stricken due to petitioner's failure to limit his arguments to the grounds for relief alleged in his amended petition.  Respondents' motion to dismiss will be granted with regard to the new allegations presented in the supplemental points and authorities.  The petition for writ of habeas corpus will be deemed submitted solely on the pleadings and supporting documents identified in paragraph 4 of the orders itemized below.

OTHER MATTERS

        In their answer filed January 12, 2006, respondents note that it appears from petitioner's recent filings that he is now confined at Avenal State Prison.  Respondents request that Kathy Mendoza-Powers, Warden of Avenal State Prison, be substituted for Derral Adams, Warden of California Substance Abuse Treatment Facility (CSATF).

        Petitioner has not filed a notice of change of address, and his address of record is CSATF.  Orders served on petitioner at CSATF have not been returned to the court.  However, all documents filed by petitioner since January 30, 2006, have reflected an Avenal address.  The Clerk will be directed to change petitioner's address of record, and respondents' request for substitution will be granted.  Petitioner is advised that any subsequent change of address must be promptly reported to the court and respondents' counsel in a document titled Notice of Change of Address.  Petitioner is cautioned that service of documents on a party at his or her address of record is fully effective.

1        IT IS HEREBY ORDERED that:

2        1.  The Clerk is directed to change petitioner's address of record to the Avenal

3 State Prison address shown in the captions of documents filed by petitioner on January 30, 2006

4 (document #36), February 6, 2006 (#37), and June 12, 2006 (#40); in the future, petitioner shall

5 file a proper notice of change of address as soon as possible after any change of address.

6        2.  Respondents' request to substitute Kathy Mendoza-Powers, Warden of Avenal

7 State Prison, for Derral Adams, Warden of California Substance Abuse Treatment Facility, is

8 granted, and the Clerk is directed to amend the court's docket accordingly;

9        3.  Respondents' August 16, 2006 motion to dismiss petitioner's supplemental

10 points and authorities filed June 12, 2006, is granted; and

11        4.  This matter is submitted for decision on petitioner's amended petition for writ

12 of habeas corpus filed September 14, 2005; respondents' answer filed January 12, 2006; Exhibits

13 A-F filed by respondents on September 10, 2004; the state court transcripts lodged by

14 respondents on September 14, 2004; the additional documents lodged by respondents on January

15 10, 2006; and petitioner's traverse filed February 6, 2006.

16 DATED: December 15, 2006.

17

18                    *Dale A. Drozd*

19             DALE A. DROZD
              UNITED STATES MAGISTRATE JUDGE

20 DAD:13
    avar1044.subm

21

22

23

24

25

26