IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD W. AVARA,

    Petitioner,                                  No. 2:04-cv-1044-ALA

    vs.

KATHY MENDOZA-POWERS, Warden, et al.,        ORDER

    Respondents.

_____/

        Petitioner, Mr. Avara, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 1, 2004. For the reasons set forth below, Petitioner's application is denied.

**I**

        On July 18, 2002, in *People v. Avara*, No. CR02997 ("*Avara I* "), in the Yolo County Superior Court, Petitioner pled *nolo contendere* to one count of committing a lewd and lascivious act on a child under fourteen. Cal. Penal Code §288(a). Petitioner entered his plea pursuant to a plea bargain that promised him a sentence that precluded prison time. After entering the plea, Petitioner was released on his own recognizance until sentencing.

        On July 25, 2002, Petitioner was charged in *People v. Avara*, No. CR020440 ("*Avara II*"), with one count of felony child abuse, with the enhancement that it was committed

1

while on bail in a pending felony matter. Cal. Penal Code §273(a). He was also charged with two counts of misdemeanor battery. Cal. Penal Code §242.

On August 8, 2002, Petitioner entered into a plea bargain in *Avara II*. The plea bargain provided that the felony child abuse, and one of the two counts of battery misdemeanor charges would be dismissed. In exchange, Petitioner pled *nolo contendere* to one count of battery misdemeanor with the condition that the promise of no prison time in *Avara I* would be foregone. The following colloquy with the sentencing court took place when Petitioner entered his plea in *Avara II*:

> MS. MALONE [DEFENSE COUNSEL]: I have a plea form. He's prepared to plead no contest to the misdemeanor battery count in CR02--0440. I have advised him that makes the pending felony case, at least, it opens a possibility of --
>
> THE COURT: Guarantee of no state prison will be gone. It is not a promise that you are going to go to prison but guarantee that you couldn't go to prison initially is gone.
>
> THE COURT: Do you understand that, Mr. Avara?
>
> THE DEFENDANT: Yes, sir.

RT. at 6. The court then accepted the plea of *nolo contendere* to the misdemeanor battery charge, dismissing the remaining counts in *Avara II*.

On September 6, 2002, the court sentenced Petitioner to six years in prison for committing a lewd or lascivious act on a child under fourteen years of age. Cal. Penal Code § 288(a). Additionally, on the misdemeanor battery conviction, Petitioner received a 180 day jail sentence, to be served concurrently with the prison term.

**II**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), Antiterrorism and Effective Death Penalty Act ("AEDPA").

Under § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

A federal court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits, but provides no reasoning to support its conclusion, a federal court must independently review the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Here, this court will review the Third District, California Court of Appeal's decision as the last reasoned state court opinion.

3

**III**

Petitioner sets forth four grounds for habeas corpus relief.  As discussed below, all of Petitioner's arguments fail.

**A**

Petitioner contends that he was denied effective assistance of trial counsel.  He argues that his defense counsel should have "provided an available partial or complete defense." Pet. at 5.  Petitioner also contends that his trial counsel failed to pursue an alternative argument that would charge Petitioner "under a lesser[,] related offense." *Id.*

The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984).  "Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice." *Id.*  "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (citation omitted).  Under *Strickland*, Petitioner's entitlement to habeas relief "turns on showing that the state court's resolution of his claim of ineffective assistance of counsel . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citing *Strickland*, 466 U.S. at 702 and quoting 28 U.S.C. § 2254(d)(1)).

In addition, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 29 (9th Cir. 1994).  Petitioner is "required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979).  In the petition, he must ". . . specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified." *Id.* (citations omitted).

1  Petitioner has not established that his trial counsel's performance was deficient.
2  Petitioner does not indicate what "partial or complete defense" his counsel failed to provide, or
3  what lesser related offense his counsel should have argued. Petitioner has not alleged or cited
4  any evidence to support these allegations. Moreover, Petitioner has not alleged prejudice. He
5  does not argue that the defenses and arguments he claims his counsel should have provided
6  would have produced a successful result.

7  Petitioner also alleges that his trial counsel "failed to resolve an error regarding
8  that the D.A. claims [his] prior prison term falls under [section] 667.5 [of the California Penal
9  Code]."[1] *Id*. This argument has no merit. Petitioner's sentence was not enhanced because of an
10 alleged prior prison term. CT. at 1-2, 17, 44. The only sentence enhancement imposed on
11 Petitioner was for committing a felony while on bail pursuant to section 273(a) of the California
12 Penal Code. Moreover, this enhancement was eventually dismissed pursuant to a plea bargain in
13 *Avara II*. Thus, Petitioner has not shown his counsel's representation was deficient or
14 prejudicial to his defense. *See Strickland*, 466 U.S. at 687 (ineffective assistance requires that
15 counsel's deficient performance prejudice a petitioner's defense).

**B**

17 Petitioner contends that he is actually innocent of the underlying charge against
18 him. Pet. at 5. In his petition, Petitioner adds that he "only plead [sic] to the charge at the advice
19 of his counsel." *Id.* However, this is a separate and different claim attacking his plea. Thus, it
20 appears that Petitioner is making two claims: first, that he is actually innocent, and second, that
21 the his plea was involuntary.

**1**

23 Petitioner asserts that he is actually innocent of the charges in *Avara I* and *Avara*
24 *II*. A freestanding claim of actual innocence based on newly discovered evidence is not a ground

---

[1] Section 667.5 of the California Penal Code provides that "[e]nhancement of prison terms for new offenses because of prior prison terms shall be imposed." Cal. Penal Code § 667.5.

5

for habeas corpus relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  "Claims of actual innocence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Id.*  Petitioner does not invoke any newly discovered evidence supporting his innocence.  Moreover, Petitioner's contention fails because it is conclusory.  Therefore, this contention fails to support a claim for habeas corpus relief.  *See James*, 24 F.3d at 29 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

**2**

Petitioner contends that he "only plead [sic] [*nolo contendere*] to the charge at the advice of his counsel." Pet. at 5.  This appears to be an attack on his plea in *Avara II*.  Specifically, Petitioner seems to be contending that his plea was involuntary because he relied on his counsel's ineffective advice.

"Under California law, a plea of *nolo contendere* ordinarily has the same legal effect as a plea of guilty.  We thus apply the federal law governing the reception of guilty pleas in state courts to [a petitioner's] plea of *nolo contendere*." *Miller v. McCarthy*, 607 F.2d 854, 856 (9th Cir. 1979) (internal citations omitted).  A guilty plea must be intelligent and voluntary. *Brady v. United States*, 397 U.S. 742, 748 (1970).  To meet these requirements, a defendant must be fully aware of the plea's direct consequences, including the "'range of allowable punishment' that will result from his plea." *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988) (citation omitted).  The defendant's representations, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Moreover, to challenge a guilty plea based on ineffective assistance of counsel, Petitioner must satisfy two requirements. *Langford v. Day*, 110 F.3d 1380, 1386 (9th Cir. 1996).  First, Petitioner must show that "his counsel's performance fell below an objective standard of reasonableness." *Id.*  Second, he must show that "there was a reasonable probability

that, but for counsel's errors, [Petitioner] would not have pleaded guilty." *Id.*

The record shows that Petitioner's plea was voluntary and intelligent. At the time of his plea, the sentencing court informed Petitioner that the "[g]uarantee of no state prison will be gone" as a result of his plea of *nolo contendere*. RT. at 6. Further, Petitioner declared in court that he understood that the "guarantee that [he] couldn't go to prison initially [was] gone." *Id.* Petitioner's declaration carries a strong presumption of veracity. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Thus, Petitioner was fully aware of the direct consequences of his plea.

Moreover, any attempt on behalf of Petitioner to invoke an involuntary plea argument based on ineffective assistance of counsel fails. Petitioner makes a conclusory statement that he "only plead [sic] to the charge at the advice of his counsel." Pet. at 5. He does not say what this advice was, nor does he allege that his counsel's advice fell below an objective standard of reasonableness. The record indicates that Petitioner was fully informed and understood the consequences of his plea. Accordingly, Petitioner also cannot allege prejudice resulting from his counsel's advice. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (no prejudice resulting from trial counsel's alleged failure to advise correctly about possible sentence where the trial court advised defendant). Therefore, Petitioner was not deprived of effective assistance of counsel and his plea was voluntary.

**C**

Petitioner contends that the trial court violated a plea agreement in sentencing him to prison. He asserts that "he reasonably believed that the grant of probation would materialize." Pet. at 6.

Plea agreements are consistent with the constitutional requirements of voluntariness and intelligence. *See Corbitt v. New Jersey*, 439 U.S. 212, 219-20 (1978) ("We have squarely held that a State may encourage a guilty plea by offering substantial benefits in return for the plea."). In determining whether a plea agreement has been honored, we look to

what the defendant reasonably understood when he entered his guilty plea. *United States v. Clark*, 781 F.2d 730, 731 (9th Cir. 1986). "If disputed, the terms of the agreement will be determined by objective standards . . . [and] [t]he government will be held to 'the literal terms of the agreement.'" *Id.* (citations omitted).

The record does not support Petitioner's argument. The plea bargain in *Avara I* initially guaranteed that Petitioner would not be sent to prison. However, Petitioner entered another plea bargain in *Avara II* that would eliminate the "no prison" guarantee of the plea agreement in *Avara I*. He agreed to plead *nolo contendere* to the misdemeanor charge in *Avara II*, in exchange for dismissal of the remaining charges. Moreover, Petitioner declared in court that understood that the initial guarantee of no prison would be "gone." RT. at 6. Petitioner could not have reasonably understood that he would be sentenced to probation instead of prison.[2] Therefore, the trial court did not violate Petitioner's plea bargain.

**D**

Petitioner contends that the sentencing court violated his rights under the Sixth, Eight, and Fourteenth Amendments because "the sentencing court deliberately and vindictively sentenced [him] to a sentence in excess of the law with no evidence or facts to support [its] decision." Pet. at 6.

This contention fails. As a result of Petitioner's plea of *nolo contendere* to section 288(a) of the California Penal Code in *Avara I*, Petitioner was sentenced to the mid-term of six years in state prison. Cal. Penal Code § 288(a). The sentencing range for this offense is a mitigated term of three years in state prison, a midterm of six years in state prison, and an aggravated term of eight years in state prison. Cal. Penal Code § 288(a). Petitioner sentence falls within the lawful range, and therefore, was not in excess of the law. *See Wilson v. Kramer*, No. CIV S-05-2559-DFL-CMK-P, 2006 U.S. Dist. LEXIS 78978, at *13 (E.D. Cal. Oct. 24,

---

[2] Neither Petitioner nor his attorney objected when the trial court imposed its six year sentence. Answer, Ex. D. at 5.

8

2006) (the trial court did not impose a sentence beyond the statutory maximum by sentencing the petitioner to a prison term within the statutory range).

///

In accordance with the above, IT IS HEREBY ORDERED that Petitioner's application for habeas corpus relief under § 2254 is denied.

///

///

DATE: March 28, 2008

                                        /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT JUDGE
                                        Sitting by Designation